UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21186-BLOOM

XAVIER LATRELL SMITH,

    Plaintiff,

v.

ABBIE WAXMAN, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court on Plaintiff Xavier Latrell Smith's *pro se* amended civil rights Complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), ECF No. [6], and Motion for Leave to Proceed *in forma pauperis*, ECF No. [7]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon application of the screening provisions, the Court finds the Complaint suffers from multiple deficiencies and is due to be dismissed.

**I. BACKGROUND**

Plaintiff is a post-trial detainee awaiting sentencing and confined at the Federal Detention Center in Miami, Florida. *See* ECF No. [6] at 3.[1] He brings this civil rights action against the

---
[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

following fifteen Defendants: three Assistant United States Attorneys, Abbie Waxman, Bertilla Fernandez, and Arielle Klepach; two Assistant Federal Public Defenders, Micki Bloom and Julie Holt; two task force officers with the Miami-Dade Police Department, John Paul Valentin and David Quintas; Plaintiff's former state public defender, Jose de los Santos; FBI special agent Joshua Youngblood; the victim in his underlying federal criminal case (Case No. 23-20122-CR-BLOOM), M.T.; and five different agencies, the Miami-Dade Police Department, "State of Florida Public Defender's Office," "State of Florida Attorneys Office," the "United States Attorney Office," and the "Federal Public Defenders Office." *Id.* at 2-8; ECF No. [8] at 1.[2]

Plaintiff raises the following six claims against Defendants: (1) the United States Attorney's Office conspired with M.T. to facilitate Plaintiff's "wrongful arrest and conviction," *id.* at 14; (2) Defendants Quintas, Valentin, and Youngblood unlawfully and "aggressively" arrested him, *id.* at 14-15; (3) Defendant de los Santos and the Public Defenders' Office "willfully neglected to comply with any of my legal requests," *id.* at 16; (4) Plaintiffs' federal public defenders "withheld valuable information" from him, *id.* at 16-17; (5) Plaintiff's current defense attorney, Frank Quintero, Jr. (who Plaintiff did not name as a Defendant), rendered ineffective assistance, *id.* at 17-18; and (6) the prosecutors withheld exculpatory information in violation of *Giglio v. United States*, 405 U.S. 150 (1972), *id.* at 18-20.  Plaintiff asks for millions of dollars in monetary damages and for Defendants to release "all videos and exculpatory evidence" in relation to his state and federal prosecution. *Id.* at 22-23.

## II.  LEGAL STANDARD

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that

---

[2] The Court granted Plaintiff leave to make additional, mostly minor, changes to his Amended Complaint. *See* ECF No. [10] (granting ECF No. [8]).

the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

The Complaint suffers from several deficiencies that compel its dismissal. First, the Assistant United States Attorneys and Defendant M.T. are immune from suit. Second, Plaintiff cannot sue his defense attorneys since they do not act under "color of law" within the meaning of § 1983 and *Bivens*. Finally, Plaintiff fails to state a false arrest claim against the remaining Defendants.

#### A. Absolute Immunity

Plaintiff attempts to bring two different claims against three Assistant United States Attorneys—Defendants Waxman, Fernandez, and Klepach—and the United States Attorneys' Office for violating *Giglio* and for illegally enticing an underage minor—the alleged victim in

Plaintiff's criminal case—to cooperate in the malicious prosecution of Plaintiff. *See* ECF No. [6] at 14, 18-20. Plaintiff accuses these prosecutors of disobeying court orders, acting in bad faith, and withholding exculpatory evidence while prosecuting him in Case No. 23-20122-CR-BLOOM before this Court. *See id.* However, "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as an advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); *see also Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir. 1987) (applying prosecutorial immunity to Assistant United States Attorneys). Immunity applies to all actions a prosecutor undertakes during the "initiation and pursuit of criminal prosecution," even if the prosecutor acts in bad faith by proffering perjured testimony or fabricating evidence. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002).

Plaintiff's claims against Defendants Waxman, Fernandez, Klepach, and the United States Attorneys' Office are based on their interactions with the minor victim and their decision to allegedly withhold exculpatory evidence during Plaintiff's criminal trial. *See* ECF No. [6] at 19-20. Plaintiff cannot seek monetary damages from prosecutors for doing their job, even if they engaged in illegal or unethical acts to convict him. *See Rowe*, 279 F.3d at 1279-80; *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009).

As for M.T., Plaintiff alleges that she violated his constitutional rights by working as an "underage confidential informant" and for conspiring with the Government to wrongfully arrest and convict Plaintiff by making false statements against him. *See* ECF No. [6] at 14. The Court will assume, without deciding, that M.T.'s cooperation with the Government meant that her actions could "properly be attributed to the state" for § 1983 and *Bivens* purposes. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). However, the law does not allow an aggrieved defendant to sue a victim or witness for testifying against him—even if that

testimony is false or perjurious. *See Briscoe v. LaHue*, 460 U.S. 325, 328 & n.4 (1983) (holding that all witnesses "are absolutely immune from civil liability based on their testimony in judicial proceedings"); *see also Paulk v. Benson*, No. 22-cv-80126, 2022 WL 1238544, at *3 (S.D. Fla. Apr. 27, 2022) (dismissing claim against witnesses who allegedly conspired with law enforcement to give false testimony "in an apparent attempt to retaliate against Plaintiff"), *aff'd*, No. 22-11635, 2023 WL 5624537 (11th Cir. Aug. 31, 2023); *Stinson v. Williams*, No. 23-cv-24735, 2023 WL 9316530, at *3 (S.D. Fla. Dec. 22, 2023) (same).

Since the Court must dismiss any claim that "seeks monetary relief against a defendant who is immune from such relief[,]" Plaintiff's claims against Defendants Waxman, Fernandez, Klepach, M.T., and the United States Attorneys' Office are improper and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.     Improper Defendants

Plaintiff's next claim is against his defense lawyers in both state and federal court, Defendants Bloom, Holt, and de los Santos, as well as their offices. *See* ECF No. [6] at 14-18.[3] Plaintiff claims that his defense attorneys withheld information from him, failed to obey his instructions, and inadequately defended him. *See id.* Public defenders and other criminal defense attorneys cannot be sued under either § 1983 or *Bivens* because they "do[ ] not act under color of . . . law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Rogozinski v. Spaulding*, 330 F. App'x 170, 171 (11th Cir. 2009) ("Federal public defenders are also immune from civil

---

[3] Plaintiff lists a "claim" against his current defense attorney, Frank Quintero, Jr., but he does not name him as a Defendant. *See* ECF No. [6] at 2-8. Whether Plaintiff intended to sue Quintero is ultimately irrelevant because he is not a proper defendant under § 1983 or *Bivens*.

rights suits arising out of alleged malpractice."). Since Plaintiff's defense attorneys are not proper defendants in a federal civil rights action, Plaintiff cannot state a claim against them or their offices.

C. **Failure to State a Claim**

Plaintiff's final two claims are asserted against Defendants Valentin, Quintas, Youngblood, and the Miami-Dade Police Department. Plaintiff alleges that these Defendants improperly conducted a traffic stop and then detained and arrested him for no reason. *See* ECF No. [6] at 14-15. Plaintiff also implies, but never explicitly states, that these Defendants ignored his requests for an attorney. *See id.* at 15. Based on these allegations, and consistent with the Court's obligation to construe *pro se* pleadings liberally, the Court finds that Plaintiff is attempting to bring a false arrest claim. To state a false arrest claim under the Fourth Amendment, Plaintiff must show that the arresting officers lacked probable cause to detain and arrest him. *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). A defendant cannot be held liable for a false arrest if there was "arguable probable cause" to effectuate the arrest. *See Garcia v. Casey*, 75 F.4th 1176, 1187 (11th Cir. 2023).

Defendants had arguable probable cause to arrest Plaintiff. As discussed during Plaintiff's detention hearing in his underlying criminal case, law enforcement had been investigating a report that a minor victim was being trafficked for commercial sex. CR ECF No. [22] at 3.[4] Law enforcement determined that the victim had been seen with Plaintiff at a hotel "that is also known for commercial sex." *Id.* at 4. Plaintiff had previously been convicted for trafficking another minor female. *See id.* at 3. Police surveilled the hotel, saw Plaintiff leave, and conducted a traffic stop. *See id.*[5] During the traffic stop, law enforcement called the cell phone number associated with the

---

[4] References to docket entries in Movant's criminal case, Case No. 23-20122-CR-BLOOM, are denoted with "CR ECF No."
[5] Plaintiff concedes that Defendants Quintas and Valentin conducted a traffic stop after claiming that they "couldn't read [his] paper tags." ECF No. [6] at 14. Law enforcement has the authority to conduct a traffic

6

online posting advertising commercial sex with a minor and Plaintiff's cell phone rang. *See id.* at 5. The minor victim was found in the same hotel room Plaintiff was in. *See id.*

Based on the articulable facts available before and during Plaintiff's traffic stop, Defendants clearly had probable cause, let alone arguable probable cause, to arrest Plaintiff for sex trafficking of a minor. *See Brown*, 608 F.3d at 734 (explaining that arguable probable cause exists "where 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believe that probable cause existed to arrest Plaintiff.'" (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004))). Plaintiff had been seen with the minor victim at a hotel known for commercial sex acts, the minor victim was found in the same hotel room Plaintiff was staying in, Plaintiff had previously been convicted of sex trafficking another minor, and Plaintiff possessed the cell phone that was linked to an online posting advertising the opportunity for commercial sex with the minor victim. *See* CR ECF No. [17] at 2. Since Defendants had arguable probable cause to arrest him, Plaintiff fails to state a false arrest claim.[6]

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Xavier Latrell Smith's Amended Complaint, **ECF No. [6]**, is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

---

stop if a suspect's license plate or tags are obscured. *See United States v. Rosian*, 822 F. App'x 964, 966-67 (11th Cir. 2020).

[6] Insofar as Plaintiff alleges that Defendants ignored his request for an attorney in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court has held that a violation of *Miranda* "is not itself a violation of the Fifth Amendment, and [does not] confer a right to sue under § 1983[.]" *Vega v. Tekoh*, 597 U.S. 134, 152 (2022).

2. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [7]**, is **DENIED as moot**.

3. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 17, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Xavier Latrell Smith, *PRO SE*
51874-510
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
P.O. Box 019120
Miami, Florida 33101